**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CSX TRANSPORTATION, INC., a Virginia
Corporation,
500 Water Street
Jacksonville, Florida 32202

            *Movant*,

      v.

GEORGIA & FLORIDA RAILWAY, INC., a
Delaware Corporation,
1019 Coastline Avenue
Albany, Georgia 31705

            *Respondent*.

Civil Action No. _____

**CSX TRANSPORTATION, INC.'S MOTION TO CONFIRM**
**ARBITRATION AWARD AGAINST GEORGIA & FLORIDA RAILWAY, INC.**

Movant, CSX Transportation, Inc. ("CSXT"), pursuant to 9 U.S.C. §§ 6 and 9 of the
Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA") moves to confirm the Award of Arbitrators
("Award") entered against Georgia & Florida Railway, Inc. ("GFR") by a duly constituted panel
of three arbitrators ("Panel") on May 10, 2013 pursuant to the Commercial Rules of the
American Arbitration Association ("AAA") in the proceeding styled as *Georgia & Florida
Railway, Inc. v. CSX Transportation, Inc.*, AAA Case No. 30 125 Y 00807 10 ("Arbitration").  In
support of this Motion, CSXT files an accompanying Statement of Points and Authorities (with
attachments) and the Declaration of R. Eric Bilik.

Dated: May 9, 2014                    **CSX TRANSPORTATION, INC.**


                                      *By counsel*


                                      _____/s/ Phillip C. Chang_____
                                      Phillip C. Chang (DC Bar No. 998320)
                                      **MCGUIREWOODS LLP**
                                      2001 K Street NW, Suite 400
                                      Washington, D.C.  20006
                                      Tel:    (202) 857-1725
                                      Fax:    (202) 828-2995
                                      pchang@mcguirewoods.com

                                      *Attorney for Movant CSX Transportation, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 9, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and that a copy of the foregoing has been furnished by Electronic Mail to the following:

Bruce H. Cahn
**Ball Janik, LLP**
101 SW Main Street, Suite 1100
Portland, OR 97204
bcahn@balljanik.com

Karl Morell
**Ball Janik, LLP**
655 Fifteenth Street, NW, Suite 225
Washington, D.C. 20005
kmorell@balljanik.com

*Attorneys for Respondent*
*Georgia & Florida Railway, Inc.*

                /s/ Phillip C. Chang
              Phillip C. Chang (DC Bar No. 998320)
              **McGuireWoods LLP**
              2001 K Street, NW, Suite 400
              Washington, D.C.  20006
              Tel:  (202) 857-1725
              Fax:  (202) 828-2995
              pchang@mcguirewoods.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CSX TRANSPORTATION, INC., a Virginia
Corporation,
500 Water Street
Jacksonville, Florida 32202

        *Movant*,

     v.

GEORGIA & FLORIDA RAILWAY, INC., a
Delaware Corporation,
1019 Coastline Avenue
Albany, Georgia 31705

        *Respondent*.

Civil Action No. _____

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT
OF CSX TRANSPORTATION, INC.'S MOTION TO CONFIRM
ARBITRATION AWARD AGAINST GEORGIA & FLORIDA RAILWAY, INC.**

Pursuant to Local Rule 7(a), CSX Transportation, Inc. ("CSXT") hereby submits this
Statement of Points and Authorities in support of its Motion to Confirm the Award of Arbitrators
("Award")[1] entered against Georgia & Florida Railway, Inc. ("GFR") by a duly constituted panel
of three arbitrators ("Panel") on May 10, 2013 pursuant to the Commercial Rules of the
American Arbitration Association ("AAA") in the proceeding styled as *Georgia & Florida
Railway, Inc. v. CSX Transportation, Inc.*, AAA Case No. 30 125 Y 00807 10 ("Arbitration").

---

[1] A true and correct copy of the Award is attached hereto as Exhibit A.  *See* Declaration of R.
Eric Bilik ("Bilik Declaration"), ¶ 7, filed contemporaneously herewith.

## I.      JURISDICTION AND PARTIES

1.      CSXT moves to confirm the Arbitration Award pursuant to 9 U.S.C. §§ 6 and 9 of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA").  This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because: (i) complete diversity exists between the parties; and (ii) the amount in controversy exceeds $75,000.00.

2.      First, there is complete diversity between CSXT and GFR.  *See* 28 U.S.C. § 1332(a); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

3.      Movant CSXT is a citizen of both the states of Virginia and Florida as it is incorporated under the laws of the Commonwealth of Virginia and maintains its principal place of business in Jacksonville, Florida.  28 U.S.C. § 1332(c)(1); *see also Lincoln Prop. Co.*, 546 U.S. at 89 (a corporation is a citizen of both the state where it was incorporated and the state where it has its principal place of business).

4.      Respondent GFR is a citizen of both the states of Delaware and Georgia as it was incorporated under the laws of the State of Delaware and maintained its principal place of business in Albany, Georgia at all relevant times.[2]

5.      Second, the amount in controversy exceeds $75,000.00 as demanded by GFR in the Arbitration.  *See* Bilik Declaration, ¶ 9; *see also Technologists, Inc. v. MIR's Ltd.*, 725 F. Supp. 2d 120, 129 (D.D.C. 2010) ("[T]he D.C. Circuit has adopted the 'demand approach' to determining the amount in controversy in which the court looks to 'the amount sought in the

---

[2] Upon information and belief and based upon a review of GFR filings with the Florida Secretary of State, GFR is currently an inactive corporation in the State of Florida.  Regardless, diversity jurisdiction still exists even if GFR is inactive or dissolved.  *See generally* 8 Del. Code § 278; *Ripalda v. Am. Operations Corp.*, 977 F.2d 1464, 1468 (D.C. Cir. 1992).

underlying arbitration rather than the amount awarded.'" (quoting *Karsner v. Lothian*, 532 F.3d 876, 882–84 (D.C. Cir. 2008)).

6.      Venue is proper in this Court pursuant to 9 U.S.C. § 9 because the Agreement does not contain a venue provision and the Award was rendered in Washington, D.C.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

7.      Movant CSXT is a Class I railroad and an original signatory to a trackage rights agreement entered into on August 31, 1989 between CSXT and a GFR predecessor (the "Agreement"),[3] pertaining to trackage rights for a line encompassing 56 miles of track from Quitman, Georgia to Foley, Florida (the "Line").   At all relevant time, GFR was a short line railroad, whose network of tracks included the Line.

8.      Article 2 of the Agreement's General Conditions – Form A ("Form A") includes a provision entitled "Compensation for Trackage Rights."   *See* Ex. B, Art. 2.   Article 2(d) sets forth an optional renegotiation procedure.   Specifically, Article 2(d) states:

> At the option of any party hereto, to be exercised sixty (60) days prior to any five-year anniversary date of this Agreement, the compensation provided for in Section 3 of the Agreement to which these General Conditions pertain and Article 2 hereof shall be open to renegotiation every five (5) years from the Commencement Date of the Agreement, but failure to agree shall not constitute a breach of the Agreement or these General Conditions.

*See id.* at Art. 2(d).

9.      On or about June 1, 2010, GFR invoked the renegotiation provision of Article 2(d), and the parties entered negotiations but were unable to agree or resolve their differences.

---

[3] A true and correct copy of the Agreement is attached hereto as Exhibit B.   *See* Bilik Declaration, ¶ 8.

10.     As a result, on November 24, 2010, GFR initiated arbitration proceedings pursuant to Article 13 of Form A of the Agreement by submitting a demand for arbitration and arbitration claim ("Arbitration Claim") with the AAA.

11.     In the Arbitration Claim, GFR asserted causes of action for: (i) declaratory judgment seeking a determination that CSXT was contractually obligated to pay an increased Base Charge (as referenced in Section 3 of the Agreement) retroactively to August 1, 2009; and (ii) breach of contract based on CSXT's "failure to agree to reset the Base Charge."

12.     On December 22, 2010, CSXT responded and denied that GFR is entitled to any relief sought and further set forth defenses to GFR's Arbitration Claim.

13.     On February 19, 2013, after an agreed stay of the matter while the parties engaged in unsuccessful settlement discussions and after discovery had been conducted by the parties, the Panel conducted a final hearing in Washington, D.C., the venue of the hearing previously stipulated to by the parties.

## III.    THE ARBITRATION AWARD AND RELIEF SOUGHT

14.     On or about May 10, 2014, the Panel issued the Award in favor of CSXT and against GFR.  *See* Ex. A.  In summary, the Panel ruled as follows:

> (1) we have authority to consider and resolve the issues in this proceeding, (2) GFR has not satisfied its burden of proving by a preponderance of the evidence that it has the right to require a change of the trackage rights compensation for CSXT's use of the Line under Article 2(d) of Form A as a result of its request for renegotiation under that article, (3) we may not set new trackage rights compensation terms in the Agreement as requested by GFR, (4) the issues of the methodology to be used to replace the existing compensation terms in the Agreement and the effective date of any such change are moot, (5) GFR has failed to prove by a preponderance of evidence that CSXT did not negotiate in good faith in response to GFR's request for negotiations under Article 2(d), (6) the parties shall bear the compensation, costs, fees and expenses as set forth in Article 13 of Form A, and (7) this Award shall be final and conclusive upon the parties as also set forth in Article 13 of Form A.

*Id.* at p. 2.[4]

15.     Since the issuance of the Award, GFR has not moved to modify, correct, or vacate the Award pursuant to 9 U.S.C. §§ 10 or 11.

16.     CSXT now seeks the entry of an order and judgment confirming the Award. Specifically, CSXT requests that this Court enter an order and judgment finding that:

     a.     the Award is confirmed;

     b.     GFR's claims in the Arbitration are denied and it shall recover nothing on its Arbitration Claim;

     c.     GFR has not proven that it has the contractual right to require CSXT to change the trackage rights compensation pursuant to Article 2(d) of Form A of the Agreement; and

     d.     GFR has not proven that CSXT breached the Agreement by failing to negotiate in good faith pursuant to Article 2(d).

## IV.     CSXT IS ENTITLED TO CONFIRMATION OF THE AWARD

### A.     The Federal Arbitration Act Governs The Motion To Confirm

17.     The FAA applies to written agreements to arbitrate in "a contract evidencing a transaction involving commerce." 9 U.S.C. § 2; *see also* Ex. B, Art. 13.

18.     Therefore, the FAA governs the Motion to Confirm as the Agreement involves interstate commerce (i.e., the Line runs 56 miles of track from Quitman, Georgia to Foley, Florida). *See generally Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273-81 (1995) (the FAA encompasses more than "only persons or activities *within the flow* of interstate commerce," and reaches contracts "not only [for] the actual physical interstate shipment of goods but also

---

[4]     The Panel also "encourage[d] the parties to continue negotiations" regarding compensation for trackage rights for the use of the Line. *Id.*

contracts relating to interstate commerce" (internal quotations omitted) (emphasis in original));

*see also Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003).

**B.    The Award Must Be Summarily Confirmed Under the FAA as Any Challenge to the Award is Now Time-Barred**

19.    Section 9 of the FAA expressly provides that a motion to confirm an arbitration award ***must*** be granted "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9; *see Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) ("*Hall Street*") (citing 9 U.S.C. § 9).

20.    Under the FAA, the confirmation of arbitration awards is a summary and expedited proceeding.  *See Contech Const. Products, Inc. v. Heierli,* 764 F. Supp. 2d 96, 114 (D.D.C. 2011) ("A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated or modified in accordance with the Federal Arbitration Act." (quotation omitted)); *see also Hall Street*, 552 U.S. at 582 ("An application for any of these orders [including to confirm an award] will get streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court.").

21.    Judicial review of an arbitration award is extremely limited.  *See Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2068 (2013).  This limited review "maintain[s] arbitration's essential virtue of resolving disputes straightaway." *Id.* (quoting *Hall Street,* 552 U.S. at 588)); *see also Regnery Pub., Inc. v. Miniter*, 601 F. Supp. 2d 192, 194 (D.D.C. 2009) *aff'd*, 368 F. App'x 148 (D.C. Cir. 2010) (same).  The Supreme Court has further explained that "[i]f parties could take 'full-bore legal and evidentiary appeals,' arbitration would become 'merely a prelude to a more cumbersome and time-consuming judicial review process.'" *Sutter*, 133 S. Ct. at 2068 (quoting *Hall Street,* 552 U.S. at 588)).

22.     The FAA specifically limits the time for filing a motion to vacate or modify to "within three months after the award is filed or delivered." 9 U.S.C. § 12.

23.     The Award was issued and delivered to the parties by the AAA on May 10, 2013. GFR has not timely filed a motion to vacate, modify, or correct the Award.  The three-month statutory limitation period for a motion to vacate or modify the Award has long since expired, and the Award must be summarily confirmed.  *See* 9 U.S.C. § 9; *see also Glaser v. Legg*, 928 F. Supp. 2d 236, 239-41 (D.D.C. 2013) ("[B]ecause the Petitioner failed to file a timely motion to vacate, he is barred from raising the arguments articulated in his petition [to vacate the award]—or any other grounds the Petitioner might assert in support of vacating the award—as defenses to the Respondents' cross-petition to confirm the award."); *Miniter*, 601 F. Supp. 2d at 196 (finding the court "has no discretion but to confirm the award" where no motion to vacate, modify, or correct the award was timely filed).

24.     Accordingly, the Award must be summarily confirmed by this Court.

**C.     CSXT is Entitled to a Judgment Entered on the Award**

25.     Upon confirmation of the Award by this Court, CSXT is entitled to a judgment entered upon the Award.  *See* 9 U.S.C. § 9; *see also* Ex. B, Art. 13 ("The decision of the arbitrator shall be final and conclusive upon the parties hereto."); Ex. A, p. 12 ("In accordance with Article 13 of Form A, this Award shall be final and conclusive upon GFR and CSXT."). Thus, CSXT is entitled to a judgment by Court against GFR confirming the Award.

**V.      CONCLUSION**

For the foregoing reasons and authorities, Movant CSXT respectfully requests that this Court grant CSXT's Motion to Confirm Arbitration Award against Respondent GFR as requested herein and enter an order and judgment finding that: (i) the Award is confirmed; (ii) GFR's claims in the Arbitration are denied and it shall recover nothing on its Arbitration Claim; (iii) GFR has not proven that it has the contractual right to require CSXT to change the trackage rights compensation pursuant to Article 2(d) of Form A of the Agreement; (iv) GFR has not proven that CSXT breached the Agreement by failing to negotiate in good faith pursuant to Article 2(d); and (v) such other relief as this Court deems just and proper.


Dated: May 9, 2014                            **CSX TRANSPORTATION, INC.**

                                              *By counsel*


                                              _____/s/ Phillip C. Chang_____
                                              Phillip C. Chang (DC Bar No. 998320)
                                              **McGuireWoods LLP**
                                              2001 K Street NW, Suite 400
                                              Washington, D.C.  20006
                                              Tel:    (202) 857-1725
                                              Fax:    (202) 828-2995
                                              pchang@mcguirewoods.com

                                              *Attorney for Movant CSX Transportation, Inc.*


8

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and that a copy of the foregoing has been furnished by Electronic Mail to the following:

Bruce H. Cahn
**Ball Janik, LLP**
101 SW Main Street, Suite 1100
Portland, OR 97204
bcahn@balljanik.com

Karl Morell
**Ball Janik, LLP**
655 Fifteenth Street, NW, Suite 225
Washington, D.C. 20005
kmorell@balljanik.com

*Attorneys for Respondent*
*Georgia & Florida Railway, Inc.*

_____/s/ Phillip C. Chang_____
Phillip C. Chang (DC Bar No. 998320)
**McGuireWoods LLP**
2001 K Street, NW, Suite 400
Washington, D.C.  20006
Tel:  (202) 857-1725
Fax:  (202) 828-2995
pchang@mcguirewoods.com

57010945_1